[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION TO STRIKE CLAIM FOR DOUBLE OR TREBLE DAMAGES IN ACTION IN NEGLIGENCE
Plaintiff Diane Silva claims that on October 9, 1997 while she was driving her vehicle on the off ramp of interstate 95 defendant Donna Bergen's vehicle collided with hers. The plaintiff claims that the collision was caused by the defendant's improper driving, and that she suffers injuries and damages as a result of the aforesaid collision. The plaintiff presents her claims in a two-count Revised Complaint.
In the first count she claims that the injuries and damages which she suffers are caused by the defendant's negligence in the operation of her automobile. In the second count the plaintiff claims that her injuries and damages were caused by the defendant's reckless operation of her automobile. The second count seeks the double or treble damages authorized by Connecticut General Statutes Section 14-295 for reckless operation of a motor vehicle.
Defendant Donna Bergen has moved to strike the second count on the basis of her argument that it does not contain sufficient factual allegations of recklessness to warrant the double or CT Page 5139 treble damages award authorized by Sec. 14-295. The court will begin its analysis by reviewing the language of the statute in question.
 In any civil action to recover damages resulting from personal injury, . . . or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, [and] 14-222, and that such violation was a substantial factor in causing such injury . . . or damage to property.
 Id.
Although the plaintiff has pleaded in the second count that the defendant acted recklessly in the operation of her motor vehicle so as to cause the accident, the second count of the Revised Complaint does not include the allegation that the violation of the statutes at issue, namely sections 14-218a and14-222, was a substantial factor in causing the injuries set out therein.
For the foregoing reason, the Motion to Strike is granted.
Clarance J. Jones, Judge